IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DOGS-BY-ANDY K-9 SERVICES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:15-CV-73 |
| THE SHERWIN-WILLIAMS COMPANY | ) Judge: |
| Defendant. | ) **Jury Demand Endorsed Hereon** |

## NOTICE OF REMOVAL

AND NOW, come the Defendant, The Sherwin-Williams Company, by and through their undersigned counsel, and remove the above-captioned matter pursuant to 28 U.S.C. §1332 and §1441 et seq. from the Superior Court of Iredell County, North Carolina, where it has been assigned Civil Action No. 15-CVS-1004, and in support thereof, state as follows:

1. Plaintiff initiated this lawsuit in the Superior Court of Iredell County, North Carolina, by filing a Summons and Complaint on or about April 27, 2015, naming The Sherwin-Williams Company as a defendant. *See: Copy of Summons and Complaint, attached hereto as Exhibit 1.*

2. According to the Complaint, Dogs-by-Andy K-9 Services, is a limited liability company operating in Mooresville, North Carolina, and a citizen of the State of North Carolina. That is true both at the time of filing of the State Court Complaint, and currently.

3. Defendant, The Sherwin-Williams Company was and is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. The Sherwin-Williams Company has been a citizen of Ohio since the 1800s and had remained a citizen to date, including the date of filing of this action. See *Exhibit 2, Amended and Restated Articles of Incorporation of The Sherwin-Williams Company.*

4. In the Complaint, Plaintiff alleges that on or about June 2014, a contractor retained by plaintiff used various products distributed by The Sherwin-Williams Company to finish the concrete flooring to support dog kennel cages and provide a non-slip surface at plaintiff's place of business. *See* Exhibit 1, *Plaintiff's Complaint, generally.*

5. In the Complaint, Plaintiff seeks monetary damages relative to the allegations. Specifically, Plaintiff claims damages for breach of the warranty of fitness for a particular purpose and that the Plaintiff relied upon the Defendant's skill, knowledge and judgement to provide a suitable product(s). *See Exhibit 1, Plaintiff's Complaint, at ¶ 20.* The Sherwin-Williams Company denies plaintiff's claims.

6. Prior to filing the Complaint in this matter, Plaintiff retained counsel to attempt to explore a resolution of the claim with The Sherwin-Williams Company. Counsel forwarded correspondence to The Sherwin-Williams Company outlining the nature of their claim and discussing the value of the claim. *See Letter dated December 22, 2014, attached hereto as Exhibit 3.* In the second page of the letter at paragraph 3, counsel for the Plaintiff, in discussing the compensatory damages wrote the following: "They again explained that once the cages were installed over the floor and the kennel opened for business, any failure of the flooring would require shutting down the kennel business, relocating the kenneled dogs, and removing all of the cages and later reinstalling them, all at a cost estimated to be between $80,000 to $100,000." This accounting of damages is not the sole sum sought by the Plaintiff, and thus must be considered a floor for the claimed damages in this case. As the Court can see, it exceeds the amount in controversy requirement found at 28 U.S.C. §1332(a).

7.  The amount in controversy is determined by considering a judgment that would be entered if Plaintiff prevailed on the merits of her case as it exists at the time of removal. *See Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 936-937 (So. Dist. of W.Va. 1996).

8.  In the potential awards for compensatory damages as demanded by the Plaintiff, Defendants reasonably believe that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000.00, as set by 28 U.S.C. §1332(a).

9.  The Superior Court of Iredell County, North Carolina, is within the jurisdiction of the United States Court for the Western District of North Carolina, Statesville Division.

10. This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which the Plaintiff is a limited liability company operating in North Carolina, and the properly named defendant is not, complete diversity exists, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11. This Honorable Court is a proper venue for this action under 28 U.S.C. §1391(a)(2), because a substantial part of the events giving rise to the claims occurred in this district.

12. This Court has diversity jurisdiction over this matter under 28 U.S.C. §1332(a)(1).

13. Defendant filed this Notice of Removal within thirty (30) days of receipt of the Summons and Complaint, per 28 U.S.C. §1446. Defendant was served with the Summons and Complaint via certified mail on or about May 20, 2015. *See Service of Process, attached hereto as Exhibit 4.*

14. Concurrent with the filing of this Notice of Removal, Defendant has filed a Notification of Removal with the Clerk of the Superior Court for Iredell County, North Carolina,

advising the Clerk that Defendant has removed this action to the United States Court for the Western District of North Carolina. *See Notification of Removal, attached hereto as Exhibit 5.*

15. In filing this Notice of Removal, Defendant does not waive any motions or affirmative defenses they assert in this action.

WHEREFORE, Defendant, The Sherwin-Williams Company, respectfully prays that this case be removed from the Superior Court for Iredell County, North Carolina, to the United States District Court for the Western District of North Carolina, Statesville Division.

Respectfully submitted, this the 18th day of June, 2015.

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____
John T. Holden, Esquire
NC State Bar # 37416
Joseph L. Nelson, Esquire
NC State Bar # 40762
2115 Rexford Road, Suite 210
Charlotte, NC 28211
704-998-5184; Fax: 888-811-7144
*Attorneys for The Sherwin-Williams Company*

## Certificate of Service

I presented the foregoing *Notice of Removal* to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following CM/ECF participants. I hereby certify that I have also forwarded said document via U.S. Postal Service, first class mail, postage prepaid, to the following parties of record:

Jason E. Taylor, Esq.
The Law Office of Jason E. Taylor, PC
P.O. Box 2688
Hickory, NC 28603
*Attorney for Plaintiff*

Mark P. Friedlander, Jr.
Friedlander, Friedlander, and Earman, PC
1364 Beverly Road
McLean, VA 22101
*Attorney for Plaintiff*

By: /s/ Marsha Traynham
Marsha Traynham, *Paralegal*