# EXHIBIT 1

| STATE OF NORTH CAROLINA | File No. 15 CV 01004 |
|---|---|
| IREDELL County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff<br>DOGS-BY-ANDY K-9 SERVICES, LLC. | |
|---|---|
| Address<br>c/o The Law Offices of Jason E. Taylor, PC; P.O. Box 2688 | **CIVIL SUMMONS**<br>☐ Alias and Pluries Summons |
| City, State, Zip<br>Hickory, NC 28603 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name of Defendant(s)<br>The Sherwin-Williams Company | Date Original Summons Issued |
| | Date(s) Subsequent Summon(es) Issued |

### To Each of The Defendant(s) Named Below:

| Name And Address of Defendant 1<br>The Sherwin Williams Company<br>c/o Registered Agent<br>Corporation Services<br>327 Hillsborough Street<br>Raleigh, NC 27603 | Name And Address of Defendant 2 |
|---|---|

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)<br>Jason E. Taylor, Attorney<br>The Law Offices of Jason E. Taylor, PC<br>P.O. Box 2688<br>Hickory, NC 28603 | Date Issued<br>4-28-15 | Time<br>953 ☒ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts (Over)

| | | RETURN OF SERVICE | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

**DEFENDANT 1**

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

**DEFENDANT 2**

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

NORTH CAROLINA                          IN THE GENERAL COURT OF JUSTICE
                                             SUPERIOR COURT DIVISION
IREDELL COUNTY                                    15CV 01004

DOGS-BY-ANDY K-9 SERVICES, LLC,  )
                                 )
                    Plaintiff,   )
                                 )         **COMPLAINT**
            v.                   )         **(JURY DEMAND)**
                                 )
THE SHERWIN-WILLIAMS             )
COMPANY,                         )
                                 )
                    Defendant.

COMES NOW the Plaintiff, Dogs-by-Andy K-9 Services, LLC, by counsel and complains of the Defendant, The Sherwin-Williams Company ("Sherwin"), and as grounds therefore states as follows:

1. Plaintiff, Dogs-by-Andy LLC K-9 Services, LLC, is a North Carolina limited liability company, owning and operating a dog kennel and dog-training facility in Mooresville, Iredell County, North Carolina.

2. Defendant, The Sherwin-Williams Company is an Ohio corporation doing business in North Carolina.

3. Plaintiff contracted with Chad Gooding Signature Homes, Inc. ("Gooding") to construct new kennels at Plaintiff's facility.

4. As part of the construction, Gooding, through its subcontractor, Concrete Solutions, installed a concrete floor coated with an epoxy, not a Sherwin product, as preparation for the final installation of the kennel cages. The purpose of the flooring finish was to support dog kennel cages and provide a non-slip surface.

5. After applying the epoxy and before installation of the kennels, it appeared that the application of the epoxy coating was defective; consequently, Gooding removed the epoxy by mechanical grinding of the floors back to the original concrete base.

6. At that time Plaintiff requested Gooding to contact Defendant's store no. 3638 in Mooresville to find the appropriate epoxy floor covering.

7. Gooding and the Plaintiff were referred to a sales representative of Defendant from Charlotte, North Carolina, for advice and recommendation for the correct epoxy or paint product for the floor of the kennel installation.

8. Plaintiff advised the representative of Defendant of the purpose of epoxy or paint, to wit: that it would be installed on the concrete slab upon which dog kennel cages would then be affixed; that the surface could not be slick or slippery, but had to be non-slip so that the dogs would not slide, and that it had to be durable enough to be power-washed five to seven times a day and last at least five years.

9. Defendant's representative, in communication with the technical materials experts from the headquarters of Defendant, ultimately recommended a product known as ArmorSeal 1000 to be used with "shark grip" (a sand type of product).

10. Plaintiff directed Gooding, as Plaintiff's agent, to purchase the specified product.

11. ArmorSeal 1000 and shark grip were purchased from Defendant's store #3638 located at 166 Talbert Pointe Road in Mooresville, North Carolina.

12. Plaintiff relied upon Defendant's representations and warranty of fitness for particular purpose in directing the purchase and payment for the Armor Seal 1000 and the shark grip.

13. After the application of the said products on the concrete floor it appeared not to have hardened properly and some sections appeared too thin.

14. Plaintiff notified representatives of Defendant who on or about June 23, 2014, came to the premises to inspect the installation. At that time, the Managing Member and owner of Plaintiff advised Defendant's representative that he would pay the extra cost to fully remove the newly installed ArmorSeal 1000 so that it could be replaced with an epoxy that would meet the above-described specifications.

15. At that time, the Managing Member and owner of Plaintiff advised Defendant's representatives that the cost of removing and replacing the epoxy floor covering was a small cost because the floor was open and no kennel cages had been installed. He emphasized that after the kennel cages were installed and dogs were occupying the cages, there would be a great cost to remove and house the dogs, shut down the business and remove and reinstall the cages. It was emphasized that getting it "right" at that time was important. The representatives of Defendant advised Plaintiff that removal of the newly installed ArmorSeal 1000 epoxy from the floor was not necessary, but instead more Armor Seal 1000 should be added to the existing installation and a coats of Rexthan should be applied 8 hours later, followed the next day with a second coat of Rexthan.

16. Defendant's instructions were followed, kennel cages were installed and the kennel business was opened for business on July 3, 2014.

17. By July 7, 2014, it became obvious that the floor surface was not non-slip and the floor material was beginning to fail and flake.

18. When the failure was called to the attention of Defendant, various representatives of Defendant came to the premises beginning on July 28, 2014 and finally on August 4, 2014, and upon inspection, admitted the failure and promised to correct the defects.

19. Defendant has not corrected the defects.

20. As a result of the foregoing, Defendant has breached the warranty of fitness for particular purpose, N.C.G.S. § 25-2-315, in that, Plaintiff relied upon Defendant's skill, knowledge, and judgment to select and furnish suitable product and Defendant at the time of the sale knew Plaintiff's particular purpose and that Plaintiff was relying on Defendant's skill and judgment.

21. As a result of the breach of warranty by Defendant, Plaintiff has been damaged in an amount greater than Twenty-five Thousand Dollars ($25,000.00) to be determined at the trial of this matter.

**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT AS FOLLOWS:**

1. That Plaintiff have and recover of Defendant an amount in excess of Twenty-five Thousand Dollars ($25,000.00) to be determined at the trial of this matter for Plaintiff's damages;

2. That Plaintiff has a trial by jury on all triable issues of fact;

3. That the costs of this action be taxed against Defendant;

4. That Plaintiff's recoveries bear prejudgment interest at the highest rate allowed by law; and

5. For any such further relief as this Court may deem just and proper.

This the 20 day of April, 2015.

*[signature]*

Jason E. Taylor, NC Bar No. 20162
The Law Offices of Jason E. Taylor, PC
PO Box 2688
Hickory, NC 28603

*[signature]*

Mark P. Friedlander, Jr
Friedlander, Friedlander, and Earman PC
1364 Beverly Road
McLean, VA 22101

*Attorneys for Plaintiff*

The Law Offices of
**JASON E. TAYLOR P.C.**

PO Box 2688 Hickory, NC 28603



**CERTIFIED MAIL**

7013 2250 0001 4605 6527





US POSTAGE
$ 06.
Mailed From 28209
05/18/2015

The Sherwin-Williams Company
c/o Registered Agent,
Corportation Service Company
327 Hillsborough Street
Raleigh, NC 27603

27603172527